## No. 8071.

### CHARLES T. BOURG VS. CHARLES H. GERDING ET AL.

A judgment simply dismissing the demand of an intervenor, on the ground that he was not present or represented at the trial of the cause, cannot support the plea of *res judicata*.

The terms of the judgment itself should govern, and not the statement of the judge made in relation to it in some other proceeding, that there was a clerical error in said terms.

APPEAL from the Fourth District Court for the parish of Orleans. *Houston,* J.

*Joseph P. Hornor* and *Francis W. Baker* for Plaintiff and Appellant :

First—An intervention not at issue cannot be tried.

Second—The dismissal of an intervention in the absence of the intervenor and his counsel, has only the effect of a judgment of nonsuit.

Third—The decree of the court can alone be looked to to determine the plea of *res judicata*.

Fourth—Where the decree of the court dismisses an intervention without passing upon the issues raised in it, and which were not at issue, it cannot support the plea of *res judicata* as against those issues.

*Merrick, Race & Foster* for Defendants and Appellees :

The intervenor must be always ready to plead, or to exhibit his testimony, because he has always his remedy by a separate action to vindicate his rights. C. P. 389.

The intervenor cannot, by absenting himself from court. or by abandoning his cause to its fate, prevent the trial of the case, and action upon his intervention.

A judgment, dismissing an intervention, when all the parties are present or represented therein, is a final judgment, and forms *res judicata*.

The test as to the effect of a decree as *res judicata*, is its finality and conformity to the terms of the Civil Code, 2265; Revised Code 2286. Kellam vs. Rippey, 3 An. 202.

In an application for a writ of injunction, the facts important and vital to the issuance of the writ or not, cannot be ignored, they are essential to the petition, and must be set forth.

The opinion of the Court was delivered by

TODD, J. The plaintiff, claiming to be owner of the property described in his petition, seized and advertised for sale to pay a judgment against one John Dawson, took out an injunction restraining the sale of the property, and asked that it be decreed to belong to him.

He was met in the lower court by the plea of *res judicata*, which was sustained, and his suit dismissed and injunction dissolved with damages, from which judgment he has appealed.

The plea of *res judicata* is based on the following facts : A suit had

been instituted in the Fourth District Court of. the parish of Orleans by Gerding, defendant in the present suit, against one John Dawson, to enforce a privilege or mechanics' lien against the same property now in controversy. In that suit, the plaintiff intervened and set up title to the property. The following judgment was rendered in the case, which we copy:

"This case came on this day for trial, Merrick, Race and Foster, attorneys for plaintiff; C. G. Ogden, for defendant. C. T. Bourg, intervenor, absent and not represented :

" When, after hearing pleading and evidence, and the court considering the law and the evidence to be in favor of plaintiff, Christian H. Gerding, and against defendant, John Dawson, for the sum of one hundred and forty dollars, with interest from judicial demand and all costs, with privilege upon the property sequestered herein. It is further ordered and decreed that the intervention of C. T. Bourg herein, be dismissed with costs."

This judgment is strictly one of. nonsuit, rendered in the absence of the intervenor and his counsel, and it is clear that it could not support a plea of *res judicata.* C. P. 535, 536; 3 An. 660; 4 An. 176, 240; 5 An. 166.

It is true that in the written opinion of the judge *a quo* in this case, found in the record, he says that the statement found in the judgment quoted above, touching the absence of the intervenor and his counsel, was a clerical error. This judgment was offered to support the plea of *res judicata,* and we must be governed by the terms of the judgment itself, and not by what the judge may state in relation to it long after its rendition and in the trial of another case, in which the judgment in question was offered in evidence. Besides, the record shows that no issue had been joined on the intervention, nor even service made of the same.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, the plea of *res judicata* overruled, and the case remanded to be proceeded with according to law.